IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CARLOS ENRIQUEZ AMARO, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 1:17-CV-83 |
| | § | |
| WILMINGTON TRUST, N.A. SUCCESSOR TRUSTEE TO CITIBANK, N.A., *et al*, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Wilmington Trust, NA, successor trustee to Citibank, N.A., as Trustee on behalf of the holders of the Structured Asset Mortgage Investments II Inc., Bear Stearns ALT-A Trust II, Mortgage Pass-Through Certificates Series 2007-3 ("Trustee" or "Defendant")'s "Motion for Summary Judgment and Motion for Judgment on the Pleadings" [Doc. No. 9]. For the foregoing reasons, the Court GRANTS Defendant's motion for summary judgment.

### I. Background

This case involves an overdue non-recourse home equity loan provided to Plaintiff Carlos E. Amaro ("Mr. Amaro" or "Borrower"). On or about April 4, 2007, Amaro executed a $432,000.00 Texas Home Equity Adjustable Rate Note (the "Note") in favor of Bear Stearns Residential Mortgage Corporation ("Bear Stearns") and its assigns. [Doc. No. 9, Ex. 2]. That same day, Mr. Amaro and his wife, Plaintiff Odelia M. De Amaro (collectively, "Plaintiffs") executed a Texas Home Equity Security Instrument (the "Deed of Trust") establishing a first lien on real property identified by its physical address of 5 Mesquite Branch, Brownsville, Texas 78521 and as more particularly described in the Deed of Trust (the "Property"). *See* [Doc. No. 9,

1

Ex. 3]. The Deed of Trust was recorded as Document No. 2007-00018654 in the real property records of Cameron County, Texas. On the same date Plaintiffs signed a Texas Home Equity Affidavit and Agreement. *See* [Doc. No. 9, Ex. 4].

On or about November 13, 2007, Mortgage Electronic Registration Systems, Inc., as Nominee for Bear Stearns, assigned the Note and Deed of Trust to Citibank, N.A. as Trustee. *See* [Doc. No. 9, Ex. 5]. The assignment was recorded in the real property records of Cameron County, Texas as Document No. 2007-00066205. *Id.*

Citibank, N.A. as Trustee assigned the Note and Deed of Trust to Defendant on May 28, 2010. *See* [Doc. No. 9, Exs. 6, 7]. The assignment was recorded in the real property records of Cameron County, Texas as Document No. 2010-00034725. *See* [Doc. No. 9, Ex. 6].

Select Portfolio Servicing, Inc. is the current mortgage servicer for the subject loan, and Trustee is the current mortgagee and record assignee of the subject deed of trust and the holder of the Note. *See* [Doc. No. 9, Exs. 1–8].

Mr. Amaro is in default on his contractual obligations under the subject loan and is currently past due for the December 1, 2010 payment and all subsequent payments. *See* [Doc. No. 9, Ex. 1]. On October 1, 2013, Trustee through its mortgage servicer sent a Notice of Default to Mr. Amaro via registered mail. *See* [Doc. No. 9, Ex. 9]. On April 2, 2014, Trustee through its foreclosure counsel sent a Notice of Acceleration via certified mail to Mr. Amaro, by which the payment obligations under the subject loan were accelerated. *See* [Doc. No. 9, Ex. 10].

Defendant obtained a judgment authorizing it to conduct a non-judicial foreclosure sale on the Property, filed the judgment in the real property records of Cameron County, Texas, and attempted to foreclose based on the judgment. *See* [Doc. No. 9, Ex. 16]; [Doc. No. 1, Ex. 4].

Plaintiffs then filed the present lawsuit in the 138th District Court of Cameron County, alleging a slander of title claim and a wrongful foreclosure claim[1] against Defendant. [Doc. No. 1, Ex. 4]. That court entered a temporary restraining order enjoining Defendant from foreclosing on the Property. *See* [Doc. No. 1, Ex. 5]. Defendant then removed this case to federal court and filed this motion for summary judgment, to which Plaintiffs did not respond. In light of Plaintiffs' nonresponse, the Court need only consider whether Defendant has made a prima facie showing that it is entitled to relief. *See Eversly v. Mbank*, 843 F.2d 172, 174 (5th Cir. 1988) (finding a district court's grant of summary judgment proper where nonmovant made no opposition to the motion and movant established a prima facie showing of its entitlement to relief).

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once a movant submits a properly supported motion, the burden shifts to the nonmovant to show that the court should not grant the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321–25 (1986).

The nonmovant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on

---

[1] Plaintiffs allude to a "wrongful foreclosure" in their original petition. It is unclear whether they intended this as the pleading for a wrongful foreclosure claim under Texas law. Construing the petition liberally, however, the Court reads Plaintiffs' petition as alleging a wrongful foreclosure and considers it below.

3

summary judgment is whether a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

### III. Discussion

*A. Slander of Title*

Plaintiffs allege a slander of title claim against Defendant based on Defendant's publication of the final judgment authorizing foreclosure of the Property in the real property records of Cameron County. The effect of this, according to Plaintiffs, was to "erroneously show the Defendant as the '100% owner' of the subject property." [Doc. No. 1, Ex. 4].

To make out a slander of title claim under Texas law, a plaintiff must show: (1) the uttering and publishing of disparaging words; (2) falsity; (3) malice; (4) special damages; (5) an estate or interest in the property disparaged; and (6) the loss of a specific sale. *Elija Ragira/VIP Lodging Group, Inc. v. VIP Lodging Group, Inc.*, 301 S.W.3d 747, 759 (Tex. App.—San Antonio, 2009). Plaintiffs have produced no evidence that Defendant's publication of the final judgment led to the loss of a specific sale.[2] Under *Celotex*, Plaintiffs must provide sufficient evidence of each element of their case for which they bear the burden of proof at trial. 477 U.S. at 322. Failure to do so "mandates the entry of summary judgment" against them. *Id.* As Plaintiffs have presented no evidence of loss of a specific sale, they cannot succeed on their slander of title claim.

*B. Wrongful Foreclosure*

Plaintiffs further assert that Defendant wrongfully foreclosed on the Property. That claim, however, also fails. A wrongful foreclosure claim under Texas law requires the sale of the house. *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 423 (5th Cir. 2013) (applying

---

[2] In fact, Plaintiffs do not even make such an allegation in their petition. *See* [Doc. No. 1, Ex. 4] ("Plaintiffs [*sic*] lost opportunity to sell this subject real property has caused damages to Plaintiffs.").

Texas law). No sale took place here because the state court granted Plaintiffs' request for a temporary restraining order. *See* [Doc. No. 1, Ex. 5]. Therefore Plaintiffs cannot make out a wrongful foreclosure claim based on Defendant's conduct related to the Property thus far.

## IV. Conclusion

Defendant, having made a prima facie case for relief on both of Plaintiffs' causes of action, is entitled to summary judgment. The Court accordingly GRANTS Defendant's motion for summary judgment.

Signed this 4th day of January, 2018.

Andrew S. Hanen
United States District Court Judge